May it please the court I am Leon Greenberg and I am arguing today on behalf of the appellant. I'm requesting that the court allow me to reserve five minutes of my time for rebuttal. I'm not sure that you see a courtroom clock I'll try to help you out. Thank you your honor. There are two fundamental errors with the district courts analysis of the qualified immunity issue presented by this appeal. The first is that the Nevada State Court in the Stratton case did not just establish that Mr. Decker had a non-discretionary duty to amend the actuarial table with that issue. It expressly ordered him to amend that actuarial table and this is something that is never mentioned by the district court. My question is where? Where in the record did the court or the hearing officer or anyone order the defendant as opposed to ordering the DIR? So where where is the order to the defendant? I'm sorry, where is the order to the DIR? This is correct and it is at page 92 of the record. Yes I have that and that's something that you're you're either you or your predecessor drafted right because these were findings drafted by the law firm representing the parties there and what I hear is that it says ordering DIR to provide an updated actuarial table. So where does that put the defendant here on notice that if he doesn't personally take an action he is going to be personally liable in damages for a personal violation of your client's constitutional right? Your Honor, this was a reasoning offered by the magistrate judge in her report and recommendation. This was not commented upon by the decision. At pages 19 to 21 of my brief I do address this issue your honor and it is clear from the record that the DIR administrator and the petitioner or Mr. Decker are one in the same as an official an official capacity as the state actor that is at issue here and as I cite in the authorities for example at page 21 this was in in Walters. But counsel like for example at ER 82 the last page of the appeals officers ruling he says the administrator shall hold claimants impairment award in abeyance until such time as DIR complies. So the hearings officer the appeals officer Mr. Leitchuk in his order separately directed the administrator to do something and the DIR to do something and you're seeking to hold a person liable in damages for a personal violation of your clients federal constitutional rights and I'm just having trouble seeing what put your client on clear notice that his failure to use an actuarial table or to updated actuarial table would make him liable for a constitutional violation. Your honor by law the DIR the Division of Industrial Relations must act through its administrator Mr. Decker he is the only person who has the authority to issue a new regulation in compliance with the court's order in Stratton therefore the order that was issued referring to the DIR referred to Stratton excuse me your honor referred to Mr. Decker and again to the extent that there are authorities that have examined this issue and they are discussed in my brief in the Walters case the order that was that was violated was not actually issued against the three defendants who were the prison officials who were found to not have qualified immunity in that case and as the court reasoned in Walters those three officials were connected with the institution they were aware of the circumstances they were in positions of responsibility they could not claim qualified immunity because the prior court order that was issued did not specifically name them they were subject to that order as part of the position within the institution this issue has been looked at as I said in respect to other cases that are cited at page 21 of my brief your honor so I don't I don't see how mr. Decker can evade responsibility or can still claim that he was not subject to the order of the state court in Stratton because it didn't name him personally it did direct the DIR excuse me your honor but no that's fine but counsel I mean there is a difference between somebody who is acting in their official capacity being liable to follow an order directed to their department in their official capacity and putting someone on notice that they're personally liable for damages for the actions of their of their in federal court for your clients damages and I assume there's some reason you didn't do it in Nevada State Court but I'm having trouble seeing a case that would put this person on notice that in any kind of analogous situation failing to promulgate an annuity table makes him liable for damages make for violation personally of a constitutional right well your honor I would draw your at page 87 and this is discussed at page 19 of my brief is that the caption of the final order names the administrator of the division of industrial relations as the party your honor that is mr. Decker he is named it's not the state of Nevada it is the administrator which is mr. Decker in the submissions to the court and again this is mr. I thought that you just said that to the extent that Decker was named he was named in his official capacity but he was not a personal party to the litigation he was not his name does not appear in the caption of the Stratton case this is correct he's named in this case it is a little capacity right at most he's but he's basically in his official capacity and the problem I have the same problem as judge Bennett does which is that when you're sued in your personal capacity that's not a suit against the individual that's a suit against the agency well in your honor the agency the DIR administrator was the one who was subject to the order in Stratton so how do you make the jump how do you make the jump from the agency and official capacity to personal liability which is what's been alleged in this action and what establishes that the defendant should have been aware based on clearly established law that he might be personally liable for what the department did or did not do because the defendant is passed by law with instituting the policies that are required issuing the regulations that are required of his agency your honor that's why you argued but I'm still waiting to make clearly established law that should have made him aware that he's his own pocket is at risk I haven't heard that yet your honor again I would point to the Walters case which is discussed on page 21 of my brief it was the exact same situation there where the order that was issued by the state court that was disobeyed did not name the officials who were found to be denied qualified immunity but it did name the institution and the policy that was at issue that gave rise to the 1983 claim it was made in that case it is the same situation here your honor Mr. Decker was the recipient of the Stratton order as the administrator of the agency he was not free to simply ignore that order or believe that he did not have to follow it the question for qualified immunity purposes is did he have a non-discretionary duty to amend the do you have a non-discretionary duty because you are the administrator of this agency and this agency must do so and you are the only person in the agency with the authority to issue this regulation we're ordering you to issue there was no basis for Mr. Decker to doubt that he needed to comply with the Stratton order given those circumstances your honor that is why he cannot claim qualified immunity to the claim against him for damages personally for his failure to obey that order he was certainly subject to contempt from the state court for failing to do that I realize I have to use my time that I requested you're not asking us to review a decision a contempt citation from the state court you have instead brought an entirely separate federal action under 1983 so it's not enough to tell me that well yeah we should have had him liable under Nevada state law you got to tell us why it is this individual should be held in his individual capacity liable under 1983 and it's not enough to say that well maybe we could have gotten a contempt citation under Nevada law well your honor to answer your question it's not a question of whether we could have gotten a contempt citation under Nevada law it was a question as to whether he had a non-discretionary duty to make the regulation to issue the regulation that was required to amend the table he did the Stratton order was it was issued yes to the agency but he was in charge of the agency there was no one at the agency who had the authority to issue that regulation except the DIR administrator which was Mr. Stratton you're down to just a little over three minutes I know you I would like to reserve my time if I can all right good morning your honors Keil Ireland on behalf of defendant Joseph Decker and I just like to jump into what Judge Clifton was saying there at the end which is this is a section 1983 action so they need to show the violation of a clearly established federal constitutional right and whatever a Stratton may have said about Nevada state law that does not establish a and in fact it cuts right against their argument because we can see through Stratton that there was an adequate state procedure for getting your your lump-sum payments recalculated if you think there is something wrong with the actuarial table so in fact it was constitutionally sound and even if it wasn't plaintiffs have not pointed to any controlling authority showing that this was a clearly I'd also just like to briefly talk about the Walters case quite a bit that case is distinguishable for two reasons one that is an older case it's almost 30 years old now and qualified immunity doctrine has advanced quite a bit since then so not clear that even the circuit would come out the same way if it had those gate those facts presented to it again but in any case what Walter Walters was based on in circuit authority in the 8th circuit that where a person is held in custody beyond their release date that is automatically a violation of the due process clause we don't need to look any further than that and the reasoning I think is that if you hold someone in custody too long that's just so clearly a serious deprivation of liberty that no other kind of analysis is necessary and that's not applicable to the situation we have here which is an alleged deprivation of property and an alleged deprivation of a government benefit so I don't think that's applicable here and I ask that you affirm the judgment below I don't have any questions judge Clifton judge Bennett doesn't appear that we have any questions for you Mr. Ireland thank you for your argument today thank you we're back to you mr. Greenberg with a little over three minutes on the clock yes your honor I would like to draw your court's attention to the other issue which is discussed at page 21 to 22 of my brief which is that even if mr. Decker was not named in the Stratton order and personally subject to it he under concepts of preclusion such as in the meagre case which looks to Nevada's law of preclusion he would be bound by that order because he was a privy to that the issue was litigated in Stratton by the DIR if it was to be considered a to institute the change to make the change to the actuarial table and therefore he is precluded from disputing that he also had that non-discretionary duty because they were privy they were bound together by the finding that was made in Stratton as a matter of preclusion he can't I mean his qualified immunity in this case has to rest upon the fact that his duty here was of a discretionary it was not of a mandatory or a non-discretionary nature the district court agrees with that point so what I'm trying to explain here is that if the court was to distinguish between the status of mr. Decker and the DIR as an entity as being subject to the court's order and to find that that raises a qualified immunity issue potentially the court must go deeper here and consider the holding in Negra and the question is to whether mr. Decker nonetheless is bound by the Stratton order as a matter of preclusion under state law because the court does need to consider state law the Alcantara case again this is discussed at pages 21 and 22 of my brief and I would point out to the extent that the authorities are out there which have examined this issue of qualified immunity in respect to orders from court involving agencies or policies of government actors as a whole versus government individuals in addition to the Walters case at discussed at page 21 you have the Tasker case where the governor did not get qualified immunity when he violated an order commanding the release of prisoners he wasn't actually a subject to that order but he was aware of the order and he blocked the release of those prisoners that had been ordered by the court he was not able to claim qualified immunity in that situation for interfering with that order it's the same situation here your honors mr. Decker was the person in charge of the agency there is it to allow him to invoke qualified immunity here and say he did not have a mandatory duty to amend the table is not in compliance with the law clearly he did and that was the question that was uncertain in the prior case the Shannon litigation and I understand the state of the law at that time which was before the Stratton decision was unclear it was not established that there was a non-discretionary duty that not but that question was resolved in Stratton and to amend the table because he didn't have discretion to not amend it I think I probably have consumed my time and I don't want to overdo it with the court you've been very patient is there any questions I can answer for the court no we don't have any I think we've got a pretty good handle on your argument today thank you very much both sides the matter is submitted for a decision thank you thank you counsel that concludes our argument calendar space or recess until
judges: Clifton, Nguyen, Bennett